UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHALITA T. SCOTT

    Plaintiff,

v.                                      Case No:  8:25-cv-01435-WFJ-NHA

FORD HAMMOND, et. al.

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

    I respectfully recommend that Plaintiff's motion to proceed without pre-paying the filing fee (Doc. 3) be denied, and that her Complaint (Doc. 1) be dismissed with prejudice, because this Court does not have jurisdiction to hear her case.

**I.**     **Background**

    Plaintiff, who proceeds without an attorney, sues five defendants whom she claims either stole, or tricked Plaintiff into transferring, property from Plaintiff's late father's estate. Doc. 1.

    Plaintiff asserts that she is a citizen of Maryland. *Id.* pp. 1, 4. She asserts that three of the Defendants are also citizens of Maryland. *Id.*, p. 4. She does not identify a specific amount in controversy. *Id.*, p. 5.

## II.   Legal Standard

Federal courts must hold pro se filings (meaning those papers filed by a party who represents himself) to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). More specifically, a court must "provide[] pro se parties wide latitude when construing their pleadings and papers" and "use common sense to determine what relief the party desires." *S.E.C. v. Elliot*, 953 F.2d 1560, 1582 (11th Cir. 1992). Nonetheless, courts need not exempt pro se litigants from complying with the requirements imposed by the law and rules of procedure. *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

The federal statute that governs the right to bring a lawsuit without pre-paying a filing fee, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Accordingly, the statute permits a litigant to commence an action in federal court "by filing in good faith an affidavit stating . . . that he is unable to pay the costs of the lawsuit." *Id.* "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* To that end, section 1915 provides that a court shall dismiss a case if the court determines

that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when a complaint lacks an arguable basis either in law or in fact. *Neitzke*, 490 U.S. at 325.

Independent of the Court's duty under section 1915(e) to evaluate the claim of a party proceeding in forma pauperis, the Court also has an obligation to ensure that it has subject matter jurisdiction over a case. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

"Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000) (citing *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 409–10 (11th Cir. 1999)). First, federal courts have original jurisdiction over all civil actions where (1) the matter in controversy exceeds $75,000, exclusive of interest and costs, and (2) the parties are citizens of different states; this is called diversity jurisdiction. 28 U.S.C. § 1332. Second, federal courts have jurisdiction over "all

civil actions arising under the Constitution, laws, or treaties of the United States;" this is called federal question jurisdiction. 28 U.S.C. § 1331. A complaint presents a federal question where it "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983).

### III. Analysis

Plaintiff asserts no claim that presents a question of federal law.[1] Rather, civil conversion and fraud are state law claims. Plaintiff instead asserts that this Court has diversity jurisdiction over this case. *See* Compl. (Doc. 1), p. 1 (Styled "Complaint for the Conversion of Property 28 U.S.C. § 1332; Diversity Citizenship"). However, Plaintiff and several Defendants are citizens of the same state. This defeats the Court's diversity jurisdiction.

In addition, Plaintiff does not allege that the amount in controversy exceeds $75,000. Doc. 1, p. 5. The omission of an amount in controversy is a second, independently sufficient bar to this Court's diversity jurisdiction.

---

[1] Plaintiff states in her civil cover sheet that she is bringing a claim under 18 U.S.C. § 2315. But this statute provides criminal, and not civil, penalties for theft of goods and money.

Although, generally, a court must give a plaintiff at least one opportunity to amend her complaint, before dismissing it with prejudice, a court "need not . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Although Plaintiff's failure to allege a sufficient amount in controversy might be cured by amending her Complaint, the citizenship of the parties could not. For that reason, amendment would be futile.

## IV. Conclusion

Because this Court lacks the power to hear this case, I respectfully RECOMMEND:

(1) Plaintiff's motion to proceed in forma pauperis (Doc. 3) be DENIED;

(2) Plaintiff's complaint (Doc. 1) be DISMISSED with prejudice; and

(3) The Clerk be directed to close the case.

REPORTED on July 3, 2025.

*[Signature: Natalie Hirt Adams]*

NATALIE HIRT ADAMS
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal

any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.